**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CUI FEN DONG, | : | |
| | : | CIVIL ACTION NO. 09-5642 (MLC) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| REN'S GARDEN, et al., | : | |
| | : | |
| Defendants. | : | |

## COOPER, District Judge

The plaintiff, Cui Fen Dong, ("plaintiff"), brings this action against the defendants pursuant to the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law[1] alleging that she is entitled to recover unpaid minimum wages, overtime, liquidated damages, and attorneys' fees. (Dkt. entry no. 1, Compl. at 1.)   The defendants, Kang Ming Ren, Le Yong Ren, Xiang Le Ren, and Ren's Garden ("defendants"), now move to dismiss the FLSA claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1)[2] and the state law claim for lack of supplemental jurisdiction. (Dkt. entry no. 9, Mot. to Dismiss.)   The plaintiff opposes the

---

[1] The plaintiff incorrectly refers to this as the "New Jersey Labor Law" in the Complaint.

[2] The defendants refer to the motion as being pursued under Rule 12(h)(3).   The Court notes that the defendants are seeking dismissal for lack of subject matter jurisdiction and will analyze pursuant to Rule 12(b)(1).

motion.  (Dkt. entry no. 13, Pl. Br.)  The Court determines the motion on the briefs without an oral hearing, pursuant to Rule 78(b).  For the reasons stated herein, the Court will deny the motion.

### BACKGROUND

The plaintiff alleges that she worked as a cashier, hostess, and kitchen helper at Ren's Garden Restaurant ("Ren's Garden") from November 2001 to September 2008.  (Compl. at 3; Pl. Br. at 2.)  She states that the defendants are the owners, managers, and supervisors of Ren's Garden and as such, were her employers.  (Pl. Br. at 2.)  She states that she worked forty hours per week and six to seven days per week.  (Compl. at 3.)  She further alleges that she generally worked over twelve hours per day.  (Id.)  She states that during her employment she did not receive wages, vacations, or benefits in violation of the FLSA and the New Jersey Wage and Hour Law.  (Id.)

The plaintiff further alleges that the defendants failed to notify her of the mandatory minimum wage provisions of the FLSA and the New Jersey Wage and Hour Law.  (Id.)  She states that the defendants also failed to inform her of the tip credit allowance mandated by the FLSA.  (Id. at 3-4.)  She further alleges that she was not permitted to retain any tips she received.  (Id. at 4.)

The plaintiff further contends that she was not compensated for overtime hours as required by the FLSA and the New Jersey Wage and Hour Law.  (<u>Id.</u> at 4.)  She states that the defendants failed to post notices and inform employees about their rights to receive minimum wage and overtime compensation.  (<u>Id.</u> at 4-5.) She further states that the defendants failed to keep full and accurate records of her hours and wages in violation of the FLSA and New Jersey Wage and Hour Law.  (<u>Id.</u> at 5.)

The plaintiff seeks a judgment declaring that the defendants' practices are unlawful under the FLSA and the New Jersey Wage and Hour Law.  (<u>Id.</u> at 6.)  She further seeks to enjoin the defendants from transferring any assets during the pendency of this action and, <u>inter</u> <u>alia</u>, an award of unpaid minimum wages, unpaid overtime compensation, and liquidated or punitive damages.  (<u>Id.</u> at 6-7.)

## DISCUSSION

## I.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

A defendant may move to dismiss a claim for lack of subject matter jurisdiction under Rule 12(b)(1).  Fed.R.Civ.P. 12(b)(1). Such motion may be made at any time.  <u>Iwanowa v. Ford Motor Co.</u>, 67 F.Supp.2d 424, 437-38 (D.N.J. 1999).  The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction.  <u>Id.</u> at 438.  Under this

3

standard, a court assumes that the allegations in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983); Iwanowa, 67 F.Supp.2d at 438.

A defendant can also attack subject matter jurisdiction by factually challenging the jurisdictional allegations set forth in the complaint. Iwanowa, 67 F.Supp.2d at 438. Under this standard, "no presumptive truthfulness attaches to plaintiff's allegations and the existence of disputed material facts will not preclude the Court from evaluating for itself the merits of jurisdiction claims." Pashun v. Modero, No. 92-3620, 1993 U.S. Dist. LEXIS 7147, at *6 (D.N.J. May 26, 1993). The Court may consider affidavits, depositions, and testimony to resolve factual issues and is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. Iwanowa, 67 F.Supp.2d at 438. The defendant may factually attack subject matter jurisdiction at any stage in the litigation, including before the answer has been filed. Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990) (explaining that a defendant may factually attack subject matter jurisdiction before filing an answer); see Pashun, 1993 U.S. Dist. LEXIS 7147, at *6.

4

## II.  FLSA

The FLSA provides, in those industries within its scope, minimum labor standards by regulating, <u>inter</u> <u>alia</u>, wages, hours, and overtime compensation.  It provides two types of coverage to employees, individual coverage and enterprise coverage.  <u>Genarie v. PRD Mgmt.</u>, No. 04-2082, 2006 WL 436733, at *5 (D.N.J. Feb. 17, 2006).  Employees are covered under the individual coverage provision if they are "engaged in commerce or in the production of goods for commerce."  <u>Id.</u>  Commerce is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."  29 U.S.C. § 203(b).

Employees are covered under the enterprise coverage prong if they are "employed in an enterprise engaged in commerce or the production of goods for commerce."  <u>Genarie</u>, 2006 WL 436733, at *5.  An enterprise under the FLSA must have "employees engaged in commerce or in the production of goods for commerce, or [have] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and . . . [must have an] annual volume of sales made or business [that] is not less than $500,000."  29 U.S.C. § 203(s)(1)(A)(i)-(ii).  To constitute an enterprise,  "the business must (1) be engaged in related activities, (2) under unified operation or common control, and (3) have a common

5

business purpose." <u>Genarie</u>, 2006 WL 436733, at *5.  If the plaintiff demonstrates that the employer is an enterprise engaged in commerce, all of that enterprise's employees will be covered by the FLSA.  <u>Id.</u>

**III. Current Motion**

The defendants now move to dismiss the FLSA claim for lack of subject matter jurisdiction.  (Mot. to Dismiss.)  They contend that the Court lacks subject matter jurisdiction because the plaintiff is not covered by the FLSA under either the individual or enterprise coverage provisions.  (Dkt. entry no. 10, Def. Br. at 6, 9.)

They first state that the plaintiff does not qualify for individual coverage because she was not engaged in commerce or in the production of goods for commerce as required by the FLSA. (Def. Br. at 6.)  The defendants state that commerce as defined by the FLSA, means interstate commerce, and as such, employees engaged in commerce must be "doing work involving or related to the movement of persons or  . . . things among the several states." (<u>Id.</u> at 7.)  They contend that employees whose work involves purely local activities are not protected under the individual coverage provision.  (<u>Id.</u>)  The defendants assert that Ren's Garden is a local, neighborhood restaurant and as such, the plaintiff's work did not involve or relate to interstate commerce. (<u>Id.</u> at 7-8.)

6

The defendants state that the plaintiff was not involved in the production of goods for commerce because she worked as a kitchen helper, cashier, and hostess and this type of work does not involve contact with interstate commerce. (Dkt. entry no. 17, Reply Br. at 5.) They state that the restaurant has only local customers and its food thus does not travel outside of New Jersey. (Id. at 6.)

The defendants further contend that the plaintiff does not qualify for enterprise coverage. (Def. Br. at 9.) They state that Ren's Garden's gross sales volume does not meet the $500,000 sales threshold of the FLSA. (Id. at 9.) They attach sales records from November 2009, December 2009, and January 2010 to demonstrate that Ren's Garden's sales were below $30,000 each month. (Dkt. entry no. 17, Ex. 3, Sales Records.) The defendant Le Yong Ren, the owner of Ren's Garden, further stated in his certification that gross sales reached only $30,000 in a good month. (Reply Br. at 4.) The defendants state that Ren's Garden's menu contains minimally priced food items, and as such "[i]t is hard to imagine that [it] would have a large revenue that exceeds $500,000." (Id. at 6.) They state that based on these figures, the revenue of Ren's Garden would only total "around $300,000 per year." (Id. at 7.)

The plaintiff, in response, contends that she has stated a valid claim under the FLSA. (Pl. Br. at 2.) She contends that

she is covered by the FLSA under both individual and enterprise coverage.  (Id. at 5.)  She first states that she is covered under the individual coverage provision because she handled goods and supplies that traveled in interstate commerce.  (Id.)  She states that the majority of Ren's Garden's inventory, supplies, and other goods were delivered to Ren's Garden from New York by New York suppliers.  (Id.)

The plaintiff also argues that she is covered under the enterprise coverage provision of the FLSA.  (Id. at 6.)  She states that Ren's Garden's inventory, supplies, and other goods come from New York and are delivered by New York suppliers.  (Id. at 7.)  She further states that the defendants have not met their burden of proof in establishing that Ren's Garden's annual gross sales fall below $500,000.  (Id.)  She states that she knows from personal knowledge that Ren's Garden's gross sales are over $50,000 a month.  (Id. at 8.)  She further contends that the defendants failed to disclose their ownership interests in real property from which they derive rental income.  (Id.)  The plaintiff argues that based on the available evidence, the Court should infer that the gross annual volume of sales exceeds $500,000.  (Id.)

The Court finds that the plaintiff's allegations that Ren's Garden is an enterprise engaged in commerce is sufficient to withstand the motion to dismiss pursuant to Rule 12(b)(1).  See

Zebroski v. Gouak, No. 09-1857, 2009 WL 2950813, at *1 (E.D. Pa. Sept. 9, 2009).  In Zebroski, the Court denied the defendants' motion to dismiss when the plaintiff alleged that the defendant corporation was an enterprise engaged in commerce.  Id.  The Court noted that alleging that the defendant was an enterprise under the FLSA was sufficient "[f]or purposes of a motion to dismiss [and]. . . discovery will establish the amount of business actually done."  Id.  Courts in other jurisdictions have also noted that the failure to establish that the defendant is an enterprise does not deprive the Court of jurisdiction.  See Padilla v. Manlapaz, 643 F.Supp.2d 298, 300 (E.D.N.Y. 2009); Rodriquez v. Diego's Rest. 619 F.Supp.2d 1345, 1350 (S.D. Fla. 2009); Jiang v. Lee's Happy House, No. 07-3606, 2007 WL 3105087, at *2 (N.D. Cal. Oct. 23, 2007).  In Padilla, the defendants also presented evidence that their annual gross receipts did not meet the $500,000 threshold. 643 F.Supp.2d at 300.  The Court stated that while the defendants may have raised some doubt about the viability of the FLSA claims, they did not raise a jurisdictional issue.  Id.  The Court stated "[t]he gross annual sales requirement is not jurisdictional because the plain language of the FLSA makes no reference to that requirement in jurisdictional terms."  Id.  For the plaintiff to "ultimately succeed on a theory of enterprise liability, she will have to prove that [the defendant] grossed more than $500,000 in annual sales . . .

[h]owever, this Court has jurisdiction over [the plaintiff's] FLSA claims irrespective of whether [she] can ultimately prevail on the merits." Id. at 301.

Similarly, in Jiang, the defendants presented evidence to show that they did not meet the $500,000 FLSA threshold. 2007 WL 3105087, at *2. The Court acknowledged that the defendants raised a question as to the viability of the FLSA claim, but found no basis to dismiss for lack of subject matter jurisdiction. Id. The Court stated "[i]t may very well be that to prevail on [the] FLSA claim, [the plaintiff] will have to plead and prove" enterprise coverage, but the Court has jurisdiction to hear the claim, whether or not the plaintiff can ultimately prevail. Id. at *3. In Rodriguez, the Court stated that "[n]othing in . . . any . . . provision of the FLSA indicates that Congress intended that the individual coverage or enterprise coverage restrictions be jurisdictional." 619 F.Supp.2d at 1350. The Courts in these three decisions looked to Arbaugh v. Y & H Corp., in which the Supreme Court stated, unless Congress "clearly states that a threshold limitation on a statute's scope shall count as jurisdictional," statutory definitions and limitations should be treated as "nonjurisdictional in character." 545 U.S. 500, 502 (2006).

The plaintiff here has properly alleged that Ren's Garden is an enterprise engaged in commerce. This is sufficient for

jurisdictional purposes.  As such, the Court will deny the motion to dismiss for lack of subject matter jurisdiction.[3]

## CONCLUSION

The Court, for the reasons stated _supra_, will deny the motion to dismiss.  The Court will issue an appropriate order.

 

 

                                                      s/Mary L. Cooper
**MARY L. COOPER**
United States District Judge


Dated:    March 22, 2010

---

[3] Supplemental jurisdiction over the state law claim remains.

11